**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURELIA MUTHYA BOENTORO; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72724 <br><br> Agency Nos. A099-885-042 <br> A099-885-043 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges

Aurelia Muthya Boentoro and her son, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Boentoro failed to show that it is more likely than not that she will be tortured if returned to Indonesia. *See Wakkary,* 558 F.3d at 1067-68.

Substantial evidence also supports the agency's finding that the physical harm Boentoro suffered during the motorbike incident, sexual harassment she experienced, the threats to her property and person, and the discrimination she suffered, even considered cumulatively, did not constitute past persecution. *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats and incident of physical violence did not compel a finding of past persecution).

The record compels the conclusion, however, that Boentoro demonstrated a sufficiently individualized threat of persecution under a disfavored group analysis to establish a well-founded fear of future persecution. *See Sael v. Ashcroft*, 386 F.3d 922, 929 (9th Cir. 2004). Contrary to the BIA's finding, the record indicates that Boentoro suffered at least as much individual harm as the petitioner in *Sael*.

Accordingly, we grant the petition as to Boentoro's asylum and withholding of removal claims and remand so the Attorney General may exercise his discretion as to whether to grant asylum, and for the BIA to consider her withholding of removal claim in light of our conclusions.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

09-72724